# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEFEND ARLINGTON,
C/O SAVE SOUTHERN HERITAGE FLORIDA,
6720 East Fowler Ave # 1861
Tampa, FL 33617

AND

SAVE SOUTHERN HERITAGE FLORIDA,
6720 East Fowler Ave # 1861
Tampa, FL 33617

AND

FRIENDS OF JUDAH P. BENJAMIN CAMP OF
THE SONS OF CONFEDERATE VETERANS,
Cmdr. David McCallister
PO Box 7343
Wesley Chapel, FL 33545

AND

HAROLD K. EDGERTON,
71 Buffalo Street
Ashville, NC 28806

AND

EDWIN L. KENNEDY, JR.,
148 Golden Harvest Drive
New Market, AL 35761

AND

RICHARD A. MOOMAW,
69 Old Kiln Lane
Mt. Jackson, VA 22842

AND

TERESA E. ROANE,
7302 Boulder Lake Drive, Apt 1104
North Chesterfield, VA 23225

CIVIL ACTION NO. 23-CV-441

COMPLAINT

Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF DEFENSE,
1000 Defense Pentagon
Washington, D.C. 20301-1000

AND

LLOYD AUSTIN, in his official capacity as
Secretary of Defense of the United States,
Department of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000

AND

WILLIAM LAPLANTE, in his official capacity as
Under Secretary of Defense for Acquisition and
Sustainment,
3010 Defense Pentagon
Washington, D.C. 20301-3010

AND

UNITED STATES DEPARTMENT OF THE
ARMY,
101 Army Pentagon
Washington, D.C. 20310-0101

AND

CHRISTINE WORMUTH, in her official capacity
as Secretary of the Army,
101 Army Pentagon
Washington, D.C. 20310-0101

Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, for their claims against the Defendants assert and allege as follows:

## I.     <u>NATURE OF THE ACTION</u>

1.     Plaintiffs bring this action pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*, the National Historic Preservation Act (NHPA), 54 U.S.C. § 300101 *et seq.*, and the Federal Advisory Committee Act of 1972 (FACA), Public Law 92-463 § 1 *et seq.* for review of a final agency action taken by Defendant, the United States Department of Defense, et al. ("DOD") that directed implementation of recommendations of the Naming Commission.[1]  This action, taken on January 5, 2023, directs the immediate removal of the Confederate Memorial ("Memorial") from Arlington National Cemetery ("ANC").[2]  The Memorial was originally named "New South" by its creator, Moses Ezekiel, and is viewed as a tribute to the spirit of reconciliation and healing it represents.  The Memorial is oftentimes referred to as the "Reconciliation Memorial."

2.     Plaintiffs challenge the DOD's action because it failed to comply with Congressional mandates pursuant to the FY21 National Defense Authorization Act ("NDAA") § 370, requiring consideration of local sensitivities and exempting grave markers from the Commission's responsibility.  The DOD's directive to immediately implement the removal of the Memorial, at great expense, without consideration of local sensitivities and whether the

---

[1]     The Commission on the Naming of Items of the Department of Defense ("Naming Commission") was established by the National Defense Authorization Act for Fiscal Year 2021 for the purpose of renaming or removing the names, symbols, displays, monuments, and paraphernalia that honor or commemorate the Confederate States of America or those that voluntarily served.

[2]     *See* U.S. Dept. of Defense, *DOD Begins Implementation of Naming Commission Recommendations* (January 5, 2023) (https://www.defense.gov/News/Releases/Release/Article/3259966/dod-begins-implementation-of-naming-commission-recommendations/); Secretary of Defense, *Memorandum For Senior Pentagon Leadership Defense Agency and DOD Field Activity Directors* (Oct. 6, 2022), (https://media.defense.gov/2022/Oct/06/2003092544/-1/-1/1/IMPLEMENTATION-OF-THE-NAMING-COMMISSIONS-RECOMMENDATIONS.PDF).

Memorial became the grave marker for the Memorial's creator and three other soldiers upon their internment at ANC, goes beyond the DOD's authority under NDAA § 370 and violates APA § 706 because its issuance is arbitrary, capricious, and an abuse of the DOD's discretion; it exceeds the DOD's statutory authority and is otherwise not in accordance with law.

3.      Plaintiffs seek an order declaring that the DOD has no authority under the NDAA to require implementation of the Naming Commission's recommendation to remove the Memorial in ANC; declaring that the DOD's directive is invalid; and enjoining the DOD from implementing or enforcing the Naming Commission's recommendation.

## II.      **PARTIES**

4.      Plaintiff Defend Arlington is an unincorporated association of individuals and groups that include those named individual Plaintiffs, dedicated to the preservation of Southern-American heritage and Confederate and Jewish Veterans.

5.      Independent of this lawsuit, Defend Arlington has expended significant resources developing and preparing educational materials, articles, White Papers, speaking and attending conferences in furtherance of increasing understanding of the civil war, southern heritage, and artistic and historic significance of the Reconciliation Memorial.  The removal of the Memorial frustrates the sole mission of Defend Arlington's organization by redirecting resources that would be used for educational materials and advocacy associated with their respective groups to confront the imminent threat of destruction of a significant part of American and Southern history in ANC.

6.      At the direction of its associates, Plaintiff Defend Arlington's organizational resources have been diverted and diminished to combat this agency action due to irreversible damage that would result.

7.      Plaintiff Defend Arlington, through its associates, participated in the November 7-8, 2022 Federal Advisory Committee on Arlington National Cemetery (FACANC) meeting but all were denied permission to address the Committee during the public comment period.

8.      Plaintiff Save Southern Heritage Florida (SSHF) is an unincorporated association of individuals whose purpose is to preserve the history of the South for future generations. SSHF focuses efforts on the State of Florida.

9.      SSHF has a particular interest in the ANC as the State of Florida is recognized on the Memorial through its coat of arms on the Memorial itself and in that  three Floridians are buried in the Florida section in the concentric circles surrounding the Cenotaph.

10.     SSHF has diverted volunteer and financial resources away from its intrastate focus to address the imminent threat to Florida's Southern history and heritage at ANC.

11.     Plaintiff Friends of the Judah P. Benjamin Camp of the Sons of Confederate Veterans is an unincorporated association of members of the Judah P. Benjamin Camp of the Sons of Confederate Veterans established to assist the Camp in its mission.

12.     The Judah P. Benjamin Camp was formed as a subdivision of the Sons of Confederate Veterans whose mission is to defend the good name of the Confederate Veteran and preserve their history into future generations.  The Camp's particular mission is to recognize the diversity of the Confederate States of America and did so initially by adopting as its namesake Jewish Secretary of State Judah P. Benjamin.  The Camp has an interest in and diverted resources to the efforts to preserve the Reconciliation Memorial at ANC not only because of its historical significance in American history and the history of the Confederate Veteran, but also because the artist was himself, Jewish, like the Camp's namesake, and represents not only its sculptor, but also in the diverse images on the Memorial, the ethnic and geographic diversity of

the South.

13.     Plaintiff Harold K. Edgerton is an individual residing in North Carolina.  Plaintiff

Edgerton is a Confederate Southern American of African ancestry.  As an active and vocal

defender of Southern culture and history and the honor of the Confederate soldier both black and

white, Plaintiff Edgerton is often invited to speak on these issues in front of the Memorial,

including the upcoming June 4 memorial service at ANC.  He identifies with the African-

American images on the Memorial and believes that its removal erases his black family's

participation in the Confederate struggle for independence from America's most prominent

military history museum.

14.     Plaintiff Richard A. Moomaw is an individual residing in Virginia.  Plaintiff

Moomaw has ancestors buried in Section 16 of the ANC.  Plaintiff Moomaw travels to Arlington

with his family to honor those familial descendants that honorably served in our military.  The

Memorial represents the reunification of the North and South and the commemoration of all

fallen military.  Removal of the Reconciliation Memorial, as it is commonly known by, attributes

a stigma of dishonor and disgrace to those soldiers, including Plaintiff's descendants causing

grave harm.

15.     In addition, Plaintiff Moomaw (and the other Plaintiffs) will be harmed by agency

action challenged herein because the deconstruction and removal of the Memorial, through the

use of heavy equipment, jackhammers, digging, sawing, and throngs of workers tramping

through the area may cause damage to existing headstones and graves and the serene surrounds

of Section 16.

16.     Plaintiff Edwin L. Kennedy, Jr. is an individual residing in Alabama.  Plaintiff

Kennedy has ancestors buried in unknown graves across the South and believes that the

Memorial commemorates and marks the graves of his ancestors, in a manner similar to the Tomb of the Unknown Solder. Removal of the Memorial will cause him grave harm.

17.     Plaintiff Teresa E. Roane is an individual residing in Virginia.  Plaintiff Roane is a past Archivist for the Museum of the Confederacy and has given speeches in front of the Memorial.  Plaintiff Roane has been invited to speak at the Memorial on June 4, 2023.  Removal will negatively impact Plaintiff Roane's economic opportunities associated with historic and civil war tour guide opportunities.

18.     The harm and injuries to Plaintiffs outlined herein will be redressed by this Court's order granting the injunctive relief demanded, enjoining the Defendants from further action and declaring that the Defendants have no authority to remove or cause the removal of the Memorial.

19.     Defendant Lloyd Austin is the United States Secretary of Defense.  Defendant Lloyd Austin is sued in his official capacity as the Secretary of Defense.  In that capacity, Lloyd Austin is responsible for the entire United States Department of Defense, including the United States Army. Upon information and belief, Defendant Austin performs a significant amount of his official duties within this judicial district at 1000 Defense Pentagon Washington, D.C. 20301-1000.

20.     Defendant William LaPlante is the United States Under Secretary of Defense for Acquisition and Sustainment.  In that capacity, William LaPlante, issued the January 5, 2023 directive to begin full implementation of the Naming Commission recommendations.  Upon information and belief, Defendant LaPlante performs a significant amount of his official duties within this judicial district at 3010 Defense Pentagon, Washington, D.C. 20301-3010.

21.     Defendant Christie Wormuth is the Secretary of the Army.  In that capacity,

Christie Wormuth is responsible for the entire United States Army.  Upon information and belief,

Defendant Wormuth performs a significant amount of her official duties within this judicial

district at 101 Army Pentagon, Washington, D.C. 20310-0101.

22.     Defendant United States Army is a branch of the Department of Defense.  The

Army has jurisdiction over ANC.[3]

### III.     JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this

case raises federal questions under the APA. 5 U.S.C. § 551 *et seq.*

24.     28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57 authorize the declaratory relief

requested. Injunctive relief is authorized by 28 U.S.C. § 2202.

25.     Judicial review of this final agency action is authorized by §§ 10(a), 10(c), and

10(e) of the APA, 5 U.S.C. §§ 702, 704, and 706.

26.     Venue in this Court is proper under 28 U.S.C. § 1391(e)(1) as the Defendants

reside in this judicial district.  Venue is also proper under 5 U.S.C. § 703 because this is a Court

of competent jurisdiction.

### IV.     INTRODUCTION

27.     This is an action to prevent the Defendants from violating Congressional

mandates and their obligations under the APA, NEPA, NHPA, and FACA by way of their

illegal, arbitrary and capricious decision to tear down and remove, and thereby desecrate,

damage, and likely destroy the Memorial longstanding at ANC as a grave marker and symbol of

reconciliation.

---

[3]     *See About Arlington National Cemetery* (https://www.arlingtoncemetery.mil/about (last
visited Feb. 13, 2023).

28.     The Memorial, and the surrounding grounds on which it stands, is a priceless monument, accepted by President Wilson on behalf of the American People with extraordinary significance to American history and cultural heritage.  Erected in the early 1900s during the post-reconstruction era, it represents a symbol of reconciliation aimed at healing a country divided during a brutal sectional war and reconstruction.  Nearly every U.S. president in the modern era, including Barrack Obama, has laid a wreath of flowers at the Memorial as a tribute to the spirit of reconciliation and healing it represents.

29.     The Memorial stands watch over a specially designated area of ANC (Section 16) holding the reinterred remains of approximately 500 confederate soldiers and widows.  The Memorial, itself, is a grave marker and at its base are the interred remains of the Jewish veteran artist who designed the statue and three confederate soldiers.

30.     The Commission recommended in Part III of its Final Report to Congress in September 2022 that the Department of Defense tear down and relocate the Memorial using the most cost-effective method available.[4]  On October 6, 2022, Defendant Secretary of Defense Austin approved and adopted the Naming Commission's recommendations and directed the use of existing resources to implement all recommendations.  On January 5, 2023, Defendant Under Secretary of Defense for Acquisition and Sustainment LaPlante directed all Department of Defense organizations to use existing military resources to begin full implementation of the Naming Commission's recommendations, to include tearing down and removal of the Memorial.[5]

---

[4]     *See* The Naming Commission, *Final Report to Congress Part III: Remaining Department of Defense Assets*, p. 15 (September 2022)
(https://drive.google.com/file/d/17hGFylLlQU52W8JHXXqMo3eEDsf781Ra/view)

31.     Defendants' actions are Final Agency Actions.  There is no further agency action, opportunity for public comment, discussion, or debate on the issue of *whether* the Memorial will be torn down and removed.  That administrative die has been cast.  The only public comment that may be solicited by the Army will focus on disposition the monument after removal.

32.     The fact that the Memorial is a grave marker precludes its removal.  In NDAA § 370(j), Congress explicitly exempted grave markers from the Naming Commission's consideration for renaming or removal.

33.     Defendants have violated and continue to violate this statute through their actions which will tear down, remove, and desecrate a historical grave marker and the sacred graves that it overlooks.

34.     That is not the only illegal action condoned and undertaken by the Defendants.  In drafting and adopting the Naming Commission's report and recommendations to tear down the Memorial, they did not follow Congressional mandates and directives to seek and incorporate local sensitivities to renaming and removal recommendations.

35.     In addition, Defendants violated NEPA by failing to consider the environmental impacts and alternatives associated with removing such an immense, historic structure within the beautiful and sacred grounds of the Nation's military cemetery.

36.     Defendants also violated the NHPA by failing to consider the impacts on historic and cultural resources, particularly the fact that the Memorial itself is significant in our Nation's history and a contributing element in the Arlington National Cemetery Historic District.  Defendants also violated the NHPA by failing to provide the Advisory Council on Historic Preservation an opportunity to comment on the removal directive.

37.     Defendant Department of the Army also violated FACA by foreclosing

preparation of an advisory report by the Arlington National Cemetery Advisory Council ("ANCAC") by instructing that the decision on removal had already been made and that there was no need for an advisory report from the ANCAC.

38.     In addition, Defendants violated FACA by refusing to allow interested, registered members of the public, including associates of Defend Arlington, Plaintiffs Edgerton, Kennedy, Siegel, Friends of the Judah P. Benjamin Camp and members of SSHF, to address the ANCAC about the Naming Commission's recommendations and to appeal for the Committee to perform its duty in making an Advisory Opinion to the Secretary of the Army, and thus preventing these comments from being included in the ANCAC meeting record.

39.     As set forth below, the Defendants' actions are illegal, arbitrary and capricious, in violation of the APA and the underlying statutes.  Accordingly, this Court should immediately enjoin the Defendants from taking any further actions to tear down or move the Memorial, or take any other action that will irreparably damage the Memorial and the sacred graves that it marks and oversees.

## V.     FACTUAL BACKGROUND

### A.     History of The Memorial at Arlington National Cemetery

40.     Arlington National Cemetery, the Nation's military cemetery, is on the National Register of Historic Places[6] and the final resting place for more than 300,000 veterans of every American conflict, from the Revolutionary War to Iraq and Afghanistan.  Since its founding in 1864, ANC has provided a solemn place to reflect upon the sacrifices made by the men and

---

[6]     *See* U.S. Dept. of the Interior, National Register of Historic Places (https://www.dhr.virginia.gov/wp-content/uploads/2019/01/000-0042_ArlingtonNationalCemetery_2014_NRHP_nomination_FINAL_complete.pdf.)

women of the United States Armed Forces in the name of our country.[7]

41.     The Civil War makes up a critical and defining conflict in our nation's history, and soldiers who perished on Civil War battlefields are rightly recognized and buried at ANC. Indeed, ANC was created and founded as a direct result of the Civil War – built on grounds previously owned by and resided on by Mary Custis Lee, her husband General Robert E. Lee, and their family.

42.     Section 16 of ANC contains an area that has been specially set aside and designated by Congress to reinter the remains of approximately 260 confederate soldiers who died in prisoner of war camps and in hospitals and battlefields near Arlington.  After Section 16 was established, the Memorial was erected.  Section 16 would continue to be an active burial site for southern veterans and their spouses into the 1960s.  The Memorial is itself a grave marker holding the remains of four persons.[8]   Section 16 is now the site of nearly 500 interments.

43.     Section 16 has its roots in the early 1900s, and came about as an effort by President McKinley, himself a veteran of the Union in the War, and a symbol, of reconciliation between the North and South in the post-reconstruction era, and in the post-Spanish American War era.[9]

44.     In 1900, Congress authorized the re-internment of all Confederate soldier remains at ANC, and acted to reinter 262 confederate soldiers.[10]

---

[7]   *See* Nat'l Park Service, Arlington National Cemetery, Arlington (https://www.nps.gov/nr/travel/national_cemeteries/virginia/arlington_national_cemetery.html).

[8]   *See* Arlington National Cemetery, *Confederate Memorial, Section 16* (https://www.arlingtoncemetery.mil/Explore/Monuments-and-Memorials/Confederate-Memorial).

[9]   *Id.*

[10]   *Id.*

**B.    The Memorial is a Grave Marker for Moses Ezekiel and Three Other Soldiers**

45.    Unveiled in 1914 and dedicated by President Woodrow Wilson, the Memorial was designed by noted American sculptor Moses Jacob Ezekiel, a Confederate veteran and the first Jewish graduate of Virginia Military Institute to mark Section 16.

46.    Ezekiel originally named the Memorial the New South Memorial.  It is also commonly referred to as the Reconciliation Memorial.

47.    Ezekiel was buried at the base of his creation in 1921.[11]  It was Ezekiel's request to be buried at the base of the Memorial in Section 16 of Arlington—laid to rest inches from the base of his Memorial without the traditional approved white marble headstone authorized for use in Arlington.

48.    Three other Confederate soldiers lie inches from the base of the Memorial are: Lt. Harry C. Marmaduke, Capt. John M. Hickey and Brig. Gen. Marcus J. Wright.

49.    The graves of the approximately 500 southern service personnel and their spouses are arranged in concentric circles around the Memorial and the four graves.

**C.    The Memorial has Great Historical Significance**

50.    As the ANC website states, "The history of the Confederate Memorial embodies the complex and contested legacy of the Civil War at Arlington National Cemetery, and in American culture generally."

51.    As the ANC further explained:

> The Confederate Memorial offers an opportunity for visitors to reflect on the history and meanings of the Civil War, slavery, and the relationship between military service, citizenship and race in America. This memorial, along with the segregated United States Colored Troops graves in Section 27, invites us to understand how politics and culture have historically shaped how Americans have buried and commemorated the dead. Memorialization at a national cemetery

---

[11]    *Id.*

became an important marker of citizenship — which, in the post-Reconstruction era, was granted to white Civil War veterans, Confederate or Union, but not to African American soldiers who had served their country. In such ways, the history of Arlington National Cemetery allows us to better understand the complex history of the United States.[12]

52.    Traditionally, most Presidents from Wilson onwards have laid a wreath of flowers at the Memorial on Veterans' Day, carrying forward the tradition of reconciliation represented by Section 16 and the Memorial.

53.    As outlined further below, there is great civic opposition, among constituents of varying backgrounds, races, social and political affiliations, for any removal or destruction of the Memorial based on these and other historical justifications.

**D.    Important Public Input was Not Heard**

54.    Associates of Plaintiffs SSHF and Defend Arlington were prepared to present such comments to the Defendant's FACANC chartered under the FACA,[13] but were denied the opportunity.

55.    More than 320 written comments opposing removal were submitted.

56.    Among the written comments were those submitted by Plaintiff's associates.

57.    Plaintiff's associates also registered to provide verbal comment at the November 7-8 FACANC meeting, but were denied this opportunity in violation of DOD's regulations at 41 C.F.R. 102-3.140(d) that provide "any member of the public may speak, if an agency's guidelines so permit."

58.    Defendants foreclosed such opportunities by refusing to allow Plaintiff SSHF and

---

[12] *Id.*

[13]    Established pursuant to 10 U.S.C. § 4723, and in accordance with the Federal Advisory Committee Act of 1972 (5 U.S.C., Appendix, as amended) and 41 C.F.R. Section 102-3.50(a).

Defend Arlington and their associates to address the ANCFAC in violation of Defendants' regulations implementing the FACA.[14]

59.     Defendants also opted not to hear from its own advisory committee, responding to FACANC members' concerns by asserting that the decision to remove the Memorial had already been made and that there was no opportunity for FACANC's input.

60.     Defendants further prohibited public comments by violating Congressional mandates to seek local sensitivities with renaming or removal under the NDAA, and for failing to comply with public comment requirements under the National Environmental Policy Act ("NEPA")  and the National Historic Preservation Act ("NHPA").

### E.     Defendants Exceeded Their Authority Under the NDAA

61.     NDAA § 370 authorized the Department of Defense ("DOD") to establish a Commission on the Naming of Items of the Department of Defense for the purpose of removing and renaming DOD assets that commemorate the Confederate States of America or any person who voluntarily served with the Confederacy. § 370(b).

62.     NDAA § 370(g)(4) requires the Naming Commission to include its methods of collecting and incorporating local sensitivities associated with the removal or renaming of DOD assets in its briefing and written report to the Committees on Armed Services.

63.     NDAA § 370(j) explicitly exempts grave markers from the Naming Commission's consideration for renaming or removal.

64.     NDAA § 370(j) requires the Naming Commission to define what constitutes a

---

[14]     *See* Charter, Advisory Committee on Arlington National Cemetery, at 6 (https://www.arlingtoncemetery.mil/Portals/0/Docs/ACANC/2022-2024-ACANC-Charter-Renewal-Final.pdf (last visited February 14, 2023) (The Department of Defense (DoD), through the Department of the Army "ensures compliance with the requirements of the FACA, the Government in the Sunshine Act of 1976 (5 U.S.C. § 552b) governing Federal statutes and regulations, and DoD policies and procedures.")

grave marker.

65.     On August 8, 2022, the Naming Commission submitted its Final Report to

Congress, Part I, which detailed its efforts to collect and incorporate local sensitivities regarding

only the *renaming* of DOD assets.[15]

66.     The Naming Commission's efforts did not include collecting or incorporating

local sensitivities regarding the *removal* of DOD assets.

67.     On September 19, 2022, the Naming Commission submitted its Final Report to

Congress, Part III, containing further recommendations which included the recommendation to

remove the Memorial.

68.     The Naming Commission's Final Report to Congress, Part III, did not include any

evidence that the Commission made any effort to collect and incorporate local sensitivities

regarding its recommendation to remove the Memorial in Section 16 of ANC.

69.     38 U.S.C. § 2306 defines "grave markers" as headstones, markers, and burial

receptacles.

70.     In the Naming Commission's Final Report to Congress, it defined 'grave markers'

as "[m]arkers located at the remains of the fallen. A marker, headstone, foot stone, niche cover,

or flat marker containing inscriptions commemorating one or more decedents interred at that

location."

71.     The Final Report recognized that "Confederate-named grave markers located on

any Department of Defense installation are not in the Naming Commission's remit and are

exempt."

---

[15]     *See* The Naming Commission, *Final Report to Congress Part I: United States Army Bases*,
p. 9-10 (2022).

72.     On October 6, 2022, Secretary Austin approved the Naming Commission's recommendations directing the use of existing resources to implement them.

73.     On January 5, 2023, Under Secretary LaPlante directed the DOD organizations to begin full implementation, using existing resources, of the Naming Commission's recommendations.

74.     In a February 9, 2023 email, a representative of the Defendants confirmed that the January 5, 2023 directive is a final agency action.  There is no more opportunity left for public debate or comment on this issue, and the Army is preparing to tear down and remove the memorial forthwith:   "[The Secretary of Defense] has accepted the findings of the Commission and as such directed the Army to remove the monument so all public comment being solicited by the Army will be focused on disposition the monument after removal."

75.     The Department of the Army has jurisdiction over the ANC and is responsible for implementing the Naming Commission's recommendations.  Defendants have no authority to order removal of the Memorial without first seeking local sensitivities, and even then, the Memorial is a grave marker and Congress provided no authority to remove it.

76.     Defendants acted arbitrarily and capriciously when failing to consider the environmental impacts, impacts on historic and cultural resources and foreclosing public comment prior to ordering removal.

**F.     Defendants Violated Federal Advisory Committee Act (FACA)**

77.     The Secretary of Defense, pursuant to 10 U.S.C. § 7723 and in accordance with FACA, established the FACANC to provide independent advice and recommendations on matters relating to ANC, including the erection of memorials in ANC.

78.     The Department of Defense, through the Department of the Army, ensures compliance with the requirements of the FACA and governing regulations.

79.     Defendants acted arbitrarily and capriciously when on November 8, 2022, after FACANC members raised concerns with the decision to remove the Memorial, the Department of the Army responded that the decision to remove the Memorial had already been made and that there was no opportunity for the FACANC's input to the Secretary.

80.     Defendants acted in violation of its FACA regulations when on November 8, 2022 Department of the Army legal counsel failed to ensure compliance with FACA when the FACANC denied members of the public an opportunity to address the FACANC to express opposition to removal.

### G.     Defendants Violated National Environmental Policy Act (NEPA)

81.     NEPA § 102(2) requires federal agencies to evaluate the environmental consequences of their actions and consider and alternatives to proposals for all major Federal actions significantly affecting the quality of the human environment. 42 U.S.C. § 4332 (2)(C).

82.     Moreover, NEPA § 101(b)(4) states that the Federal Government must use all practicable means to "preserve important historic, cultural, and natural aspects of our national heritage." 42 U.S.C. § 4331(b)(4).

83.     Defendants' actions constitute a major Federal action because their adoption of the Naming Committee's plan is entirely financed, conducted, regulated, and approved by federal agencies. 40 C.F.R. § 1508.1(q)(2).

84.     Defendants' actions will significantly affect Section 16 and ANC, an historic district listed on the National Register.

85.     Defendants have neither evaluated the environmental consequences of implementation of the Commission's recommendation to remove the Memorial from ANC, nor have they considered any alternatives to the proposed action as required by NEPA.

86.     As such, Defendants have violated NEPA §102 by failing to consider environmental impacts of the removal recommendation prior to Final Agency Action.

87.     By failing to consider alternatives to the recommendation to remove, Defendants have not used all practicable means to preserve important historic, cultural, and natural aspects of our national heritage as required by 42 U.S.C. § 4331(b)(4).

**H.     Defendants Violated National Historic Preservation Act (NHPA)**

88.     NHPA § 106 requires Federal agencies with jurisdiction over Federal undertakings, prior to the approval of the expenditure of any Federal funds, shall take into account the effect of the undertaking on any historic property and provide the Advisory Council on Historic Preservation an opportunity to comment.  54 U.S.C. § 306108.

89.     Defendants' decision and directive to implement the Commission's removal recommendation is a Federal undertaking. 36 CFR 800.16(y).

90.     Any site that is included in the National Register is considered historic property. 54 U.S.C. § 300308.

91.     The Arlington National Cemetery is listed on April 11, 2014 on the National Register of Historic Places.

92.     The entirety of the cemetery is counted as one contributing site, and every resource except the small-scale features within the boundaries is contributing to the ANC Historic District.

93.     The Memorial is listed as a contributing resource to the historic significance of ANC.

94.     Defendants failed to comply with NHPA § 106 because they have failed to consider the adverse effects that removal of the Memorial will have on the integrity and

significance of the Arlington National Cemetery as our nation's military cemetery.

## VI.   CLAIMS

### COUNT I

**Violation of The Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**

95.     Plaintiffs hereby incorporate by reference the allegations set forth in the paragraphs above, as if fully set forth herein.

96.     Plaintiffs will be aggrieved by Defendants' action and, as such, are entitled to judicial review. 5 U.S.C. § 702.

97.     Defendants' actions are subject to judicial review as a final agency action for which there is no other adequate remedy. 5 U.S.C. § 704.

98.     Defendants' approval and directive to implement the Commission's recommendations is a final agency action because it consummates the DOD's decision-making process in regard to the renaming and removal of DOD assets and imposes an obligation upon DOD organizations to use existing funds to implement the Commission's recommendations.

99.     Defendants' actions are not subject to further agency review, making it a final agency action.

100.     Under the APA, 5 U.S.C. § 706(2)(A), this Court is required to hold unlawful and set aside a final agency action that is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law.

101.     The Defendants' approval and directive to implement the Commission's recommendations was arbitrary, capricious, and not in accordance with law.

102.     Defendants' actions are arbitrary and capricious as they are not in accordance with NDAA §§ 370(g) and (j) because they (i) failed to incorporate local sensitivities; (ii) and

approved the removal of a grave marker which is explicitly excluded from removal.

103.     Defendants' actions are arbitrary and capricious because they have entirely failed to consider (1) the environmental impacts and alternative actions, including no action, as required by NEPA § 102; and (2) the impact that removal will have on historic and cultural resources as required by NHPA § 106.

104.     Moreover, Defendant's actions are arbitrary and capricious because they denied the opportunity to receive independent advice and recommendations from a FACANC and denied interested parties an opportunity to address the FACANC in violation of FACA regulations.

105.     This Court must set aside Defendants' actions under APA, 5 U.S.C. § 706(2)(A).

## COUNT II

### Violation of The Administrative Procedure Act, 5 U.S.C. § 706(2)(C)

106.     Plaintiffs hereby incorporate by reference the allegations set forth in the paragraphs above, as if fully set forth herein.

107.     Under the APA, 5 U.S.C. § 706(2)(C), this Court is required to hold unlawful and set aside a final agency action found to be in excess of statutory jurisdiction authority, or limitations, or short of statutory right.

108.     The Defendants' exceeded their authority under NDAA § 370 when they approved and directed implementation of the Commission's legally flawed recommendations.

109.     The authority granted to Defendants by NDAA § 370 expressly required the consideration of local sensitivities when recommending removal of DOD assets, § 370(g).

110.     The Commission did not consider local sensitivities associated with its recommendation to remove the Memorial.

111.    The authority granted to Defendants by NDAA § 370 expressly exempted grave markers from the scope of those DOD assets, § 370(j).

112.    The Memorial marks the graves of Confederate soldiers interred in Section 16 of Arlington National Cemetery.

113.    The Memorial is the grave marker and headstone for Moses Ezekiel, the Jewish Confederate soldier and artist, as well as three other confederate soldiers.

114.    The Commission failed to comply with the express requirement of subsections (g) or (j) when making its recommendations.

115.    Thus, Defendants' approval and directive to implement these flawed recommendations exceeded its authority.

116.    Moreover, Defendants exceeded the limitations imposed on federal agencies by (1) NEPA § 102 which required them to evaluate the environmental consequences and alternatives to the removal of the Memorial; and (2) NHPA § 106 which required consideration of the impact that removal will have on historic and cultural resources.

117.    This Court must set aside Defendants' actions under APA, 5 U.S.C. § 706(2)(C).

## COUNT III

**Violation of The National Environmental Policy Act, 42 U.S.C. § 4321, et seq.**

118.    Plaintiffs hereby incorporate by reference the allegations set forth in the paragraphs above, as if fully set forth herein.

119.    Defendants' actions constitute a major Federal action because their adoption of the Naming Committee's plan is entirely financed, conducted, regulated, and approved by federal agencies. 40 C.F.R. § 1508.1(q)(2).

120.    Defendants' actions will significantly affect Section 16 and ANC, an historic

district listed on the National Register.

121.    Defendants have neither evaluated the environmental consequences of
implementation of the Commission's recommendation to remove the Memorial from ANC, nor
have they considered any alternatives to the proposed action as required by NEPA.

122.    As such, Defendants have violated NEPA § 102 by failing to consider
environmental impacts of the removal recommendation prior to Final Agency Action.

123.    By failing to consider alternatives to the recommendation to remove, Defendants
have not used all practicable means to preserve important historic, cultural, and natural aspects of
our national heritage as required by 42 U.S.C. § 4331(b)(4).

<u>COUNT IV</u>

**Violation of The National Historic Preservation Act, 54 U.S.C. § 300101, et seq.**

124.    Plaintiff hereby incorporates by reference the allegations set forth in the
paragraphs above, as if fully set forth herein.

125.    Defendants' decision and directive to implement the removal recommendation is
a Federal undertaking. 36 CFR 800.16(y).

126.    Any site that is included in the National Register is considered a historic property.
54 U.S.C. § 300308.

127.    The Arlington National Cemetery is listed on the National Register of Historic
Places as the Arlington National Cemetery Historic District ("ANCHD") as of April 11, 2014.

128.    "The entirety of the cemetery is counted as one contributing site, and every
resource except the small-scale features within the boundaries is contributing to the ANC
Historic District."

129.    The Memorial is listed as a contributing resource of the historic nature of

ANCHD.

130.    Defendants failed to comply with NHPA § 106 because they have failed to consider the adverse effects that removal of the Memorial will have on the integrity and significance of the Arlington National Cemetery as our nation's military cemetery prior to Final Agency Action.

131.    Defendants failed to comply with NHPA § 106 because they failed to consult with the Advisory Council on Historic Preservation in violation of the NHPA prior to Final Administrative Action. 54 U.S.C. § 306108.

## REQUESTED RELIEF

## Defendants Actions are Arbitrary and Capricious, Contrary to Law, and/or in Excess of Statutory Jurisdiction or Authority

Plaintiff incorporates by reference, as if fully set forth here, each and every allegation set forth in the above paragraphs:

Defendants acted contrary to law and exceeded its statutory jurisdiction in ordering removal of the Confederate Memorial, by:

a.    unlawfully disregarding Congressional direction to seek local sensitivities.

b.    unlawfully directing removal of a grave marker, an area where it has no jurisdiction; and

c.    acting in violation of NEPA, NHPA and FACA.

For these and other reasons, Defendants actions are not in accordance with law or are in excess of the DOD's statutory jurisdiction or authority in violation of the APA § 706.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

1.      Declare that Defendants order requiring removal of the Memorial violates the APA, NDAA, NEPA, NHPA and the FACA;

2.      Declare that Defendants have no authority to authorize or direct removal of the Memorial;

3.      Enjoin Defendants from enforcing the order to remove the Memorial from ANC; and

4.      Grant such other and further relief as the Court deems appropriate.

Dated: February 16, 2023

Karen C. Bennett (D.C. Bar # 477151)
Karen.Bennett@lewisbrisbois.com
202.558.0655
Paul W. Kisslinger (D.C. Bar # 465768)
Pau.Kisslinger@lewisbrisbois.com
202.558.0665
Rebecca Lynn Stoddard (D.C. Bar # 1780019)
202.558.0663
Rebecca.Stoddard@lewisbrisbois.com

LEWIS BRISBOIS BISGAARD & SMITH LLP
2112 Pennsylvania Avenue NW, Suite 500
Washington, DC 20037

*Attorneys for Plaintiffs*